UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BANCA DI CREDITO COOPERATIVO
DI CIVITANOVA MARCHE E
MONTECOSARO SOC.
COOPERATIVA,

                        Plaintiff,

-v-

CHARLES H. SMALL ex rel. FRED
MENGONI,

                        Defendant.

18-CV-11399 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

In this suit, an Italian bank seeks a recovery of millions of Euros from the estate of Fred Mengoni. The bank first asks this Court to recognize the validity of two judgments obtained in Italian bankruptcy court. The bank also brings claims sounding in contract and unjust enrichment. For the reasons that follow, recognition of the foreign judgments is denied because they are not "enforceable where rendered" within the meaning of New York law. And the other claims are dismissed under the doctrine of *forum non conveniens*.

## I. Background

The following facts are taken from the operative complaint and are assumed true for purposes of this motion to dismiss. (*See* Dkt. No. 17 ("Compl.").)

In 1983, Fred Mengoni (now deceased) formed a limited partnership in Italy for the purpose of developing Italian real estate. (Compl. ¶¶ 1, 9.) Mengoni served as a general partner with unlimited personal liability. (Compl. ¶ 10.)

Plaintiff Banca di Credito Cooperativo di Civitanova Marche e Montecosaro Soc. Cooperativa is an Italian bank. (Compl. ¶ 4.) In 2004, Banca di Credito entered into a loan

1

agreement with the partnership in which the partnership borrowed €3.5 million. (Compl. ¶ 11.) Banca di Credito also entered into a line-of-credit agreement with the partnership in which the partnership borrowed €200,000. (Compl. ¶ 13.) Mengoni provided a personal guarantee for both the loan and line of credit, up to the amount of €7.4 million. (Compl. ¶ 14.)

Both agreements contain a forum-selection clause. The loan agreement provides that "any disputes . . . shall be subject to the sole jurisdiction of [Italy]." (Dkt. No. 17-4 at 21.) And the line-of-credit agreement provides that "[a]ny disputes that might arise shall be subject to the Judicial authority with geographical jurisdiction over the Bank's registered office [*i.e.*, Italy]." (Dkt. No. 17-5 at 2.)

In 2008, the partnership defaulted on its payment obligations under both agreements. (Compl. ¶ 16–17.) As a result, Banca di Credito filed a petition for the involuntary bankruptcy of the partnership. (Compl. ¶ 20.) The bankruptcy court in Ancona, Italy, initially denied this request and instead ordered a reorganization plan. (Compl. ¶ 21.) But in 2013, the bankruptcy court terminated the reorganization plan and ordered the bankruptcy of the partnership and of Mengoni individually. (Compl. ¶ 22–23.) The bankruptcy judgment was issued February 1, 2013. (Compl. ¶ 23.)

That same year, the bankruptcy court examined and adjudicated a number of claims — including Banca di Credito's — that were filed in the bankruptcy proceeding. (Compl. ¶ 28.) In two judgments — issued on May 21, 2013, and July 2, 2013 — the bankruptcy court recognized Banca di Credito's claims in the amount of €4,337,517.70 and rejected its claims in the amount of €104,492.11. (Compl. ¶¶ 28–29.) Banca di Credito then appealed the partial rejection of its claims to the Civil Tribunal of Ancona. (Compl. ¶ 31.) In a judgment issued on June 6, 2016, the tribunal determined that the claims rejected by the bankruptcy court should be partially

recognized in the amount of €60,065.10. (Compl. ¶¶ 33, 37 n.6.) In total, then, Banca di Credito alleges that it is owed €4,397,582.80. (Compl. ¶ 37.) To date, however, it has not recovered any portion of this amount. (Compl. ¶ 44.)

In 2018, Banca di Credito served notice of its claim on the personal representative of Mengoni's estate, Defendant Charles H. Small, demanding recovery of the above amount. (Compl. ¶ 45.) Small rejected the claim by failing to respond within ninety days. (Compl. ¶ 46.)[1]

Accordingly, Banca di Credito has brought suit against Small, seeking recognition of the Italian bankruptcy judgment and declaratory relief. (Compl. ¶¶ 48–69.) Banca di Credito also brings claims for breach of contract and unjust enrichment. (Compl. ¶¶ 70–93.) Small has moved to dismiss both under Federal Rule of Civil Procedure 12(b)(6) and under the doctrine of *forum non conveniens*.

## II. Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The doctrine of *forum non conveniens* permits dismissal of an action when "a court abroad is the more appropriate and convenient forum for adjudicating the controversy."

---

[1] Under New York law, a claim submitted to a fiduciary "shall be deemed to have been rejected" if the fiduciary "shall fail to allow the claim within 90 days from the date that it has been presented to him." N.Y. Surr. Ct. Proc. Act Law § 1806(3).

3

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Ordinarily a court embarking on a *forum non conveniens* analysis weighs a variety of public and private interest factors. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). But the presence of a forum-selection clause alters the typical *forum non conveniens* analysis, such that "forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013).

## III. Discussion

Small moves to dismiss the complaint in its entirety. Small argues that the claims relating to the recognition of the Italian-court judgments fail because the judgments are unenforceable in Italy. Small also argues that the contract-law claim fails because of a forum-selection clause and that the unjust enrichment claim fails for being duplicative of the contract-law claim.[2]

### A. Recognition of the Italian Bankruptcy Judgments

Banca di Credito's first set of claims relates to the judgments obtained in Italian bankruptcy court. Banca di Credito seeks both recognition of those judgments (Compl. ¶¶ 48–58) and a declaration of their validity (Compl. ¶¶ 59–69).

In this diversity action, the law governing the recognition of foreign judgments is the law of the forum state of New York. *See Alesayi Beverage Corp. v. Canada Dry Corp.*, 947 F. Supp. 658, 664 (S.D.N.Y. 1996). And New York law provides that, absent certain exceptions that lack application here, "a foreign country judgment . . . is conclusive between the parties," N.Y.

---

[2] This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff Banca di Credito is a citizen of Italy, a foreign state. (Compl. ¶ 7.) And Defendant Small is a citizen of New York. (*Id.*)

4

C.P.L.R. § 5303, if the judgment is "final, conclusive and enforceable where rendered," *id.* § 5302.

Banca di Credito seeks recognition of two judgments: the bankruptcy judgment dated May 21, 2013, and the civil-tribunal judgment dated June 6, 2016. (Compl. ¶¶ 28, 32, 50.) Small moves to dismiss on the sole ground that both judgments are unenforceable "where rendered" — that is, in Italy. The dispute therefore turns on a question of Italian law. *See V. Corp. Ltd. v. Redi Corp. (USA)*, No. 4-CV-1683, 2004 WL 2290491, at *2 (S.D.N.Y. Oct. 9, 2004) ("The provision that a foreign judgment be enforceable 'where rendered' requires the court to focus on the law of the foreign country where the decree was issued."). Under the Federal Rules of Civil Procedure, an issue of foreign law is a "question of law" for this Court to decide. Fed. R. Civ. P. 44.1. In doing so, "the court may consider any relevant material or source." *Id.*

A judgment is "enforceable where rendered" within the meaning of New York law if the prevailing party need not "take any additional action to secure" the awarded sum of money. *V. Corp.*, 2004 WL 2290491, at *4 (applying New York law); *accord Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 29 F.3d 79, 82 n.4 (2d Cir. 2994) (characterizing a foreign judgment as "enforceable where rendered" under New York law if it "can be enforced without any judicial intervention"). The question, then, is whether the judgments at issue here conclusively entitle Banca di Credito to a monetary award in Italy, without any further action from an Italian court.

The answer appears to be no. Both parties have submitted declarations from lawyers versed in Italian law (*see* Dkt. Nos. 22-1, 27-1, 29-1),[3] and those declarations affirm that Mengoni's U.S. assets have been excluded from the Italian bankruptcy proceedings. (*See* Dkt. No. 28 at 2.) The declarations also recognize that the Italian judgments are not "enforceable outside of the bankruptcy proceeding itself" (Dkt. No. 22-1 ¶ 5; *accord* Dkt. No. 27-1 at 4 (acknowledging that "the bankruptcy court adjudication of [Banca di Credito's] claim against the deceased/debtor is only enforceable 'within the context of bankruptcy'")). That is, the bankruptcy judgments determine only "the amounts, if any, that each creditor is entitled to receive from the debtor's bankruptcy estate within the bankruptcy procedure." (Dkt. No. 22-1 ¶ 7.) The judgments do not, however, "entitle a creditor to levy execution against a debtor's property outside the bankruptcy proceeding." (Dkt. No. 22-1 ¶ 8.) At most, the judgments provide "written evidence . . . for a creditor's claim outside of the bankruptcy." (Dkt. No. 22-1 ¶ 11; *accord* Dkt. No. 27-1 at 5 (describing the judgments as "a conclusive adjudication of the legitimacy of the claims admitted to it").) But an enforcing court outside of the bankruptcy proceedings nevertheless "must make it[s] own determination that the creditor is entitled to relief . . . in order for the creditor to recover." (Dkt. No. 22-1 ¶ 11; *see also* Dkt. No. 22-1 ¶ 11 (citing Italian case law).) Under New York law, then, the bankruptcy judgments at issue are not "enforce[able] where rendered." *Cf. Seetransport*, 29 F.3d at 82 n.4 (noting that an arbitral award is "enforceable" if it has "the same status . . . as a judicial judgment . . . without having to be converted into such a judgment"); *V. Corp.*, 2004 WL 2290491, at *4 (finding a decree

---

[3] Again, when deciding an issue of foreign law, "the court may consider any relevant material or source," including materials outside of the pleadings. Fed. R. Civ. P. 44.1.

"enforceable" because "plaintiff was not required to take any additional action to secure a formal judgment [and] to enforce the [decree]").

Banca di Credito argues that the judgments are still "enforceable where rendered" because they are enforceable "*within* the context of bankruptcy" and Mangoni's "status is and remains that of a bankrupt debtor." (Dkt. No. 26 at 5–6 (emphasis added).) But Banca di Credito does not seek U.S. recognition of the Italian judgments "within the context of bankruptcy." Rather, it seeks recognition of the Italian judgments in order to reach U.S. assets that, by its own admission, were "excluded from the bankruptcy estate." (Dkt. No. 26 at 6.) If so, then Banca di Credito must first demonstrate that the judgments are enforceable in Italy *outside* the context of bankruptcy. It has not done so. Recognition of the judgments would therefore be inappropriate. *See* 11 Jack B. Weinstein et al., New York Civil Practice: CPLR ¶ 5302.01 (2019) ("Generally, with respect to enforceability, a judgment is not entitled to any greater rights within the forum state than it would enjoy in its home jurisdiction."); *cf. Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 ("An adjudication of bankruptcy . . . is a judgment in rem" and therefore "will not elsewhere be enforced *in personam*" (first quoting *Myers v. Int'l Trust Co.*, 263 U.S. 64, 73 (1923); and then quoting *Wood v. Watkinson*, 17 Conn. 500, 506 (1946))).

Banca di Credito is not entitled to recognition of the Italian bankruptcy judgments under New York law. Accordingly, Banca di Credito's claim for recognition of the judgments is dismissed. Similarly, because Banca di Credito is not entitled to a declaration that its claims against Mengoni's estate are valid, its claim for declaratory relief is dismissed.

**B.      Contract-Related Claims**

Banca di Credito also brings contract-law claims, alleging that Mengoni breached his obligations under the loan agreement and line-of-credit agreement (Compl. ¶¶ 70–77) and

seeking enforcement of the personal guarantees contained in those agreements (Compl. ¶¶ 78–84). In the alternative, Banca di Credito pleads a near-identical claim under a theory of unjust enrichment. (Compl. ¶¶ 85–93.) Small has moved to dismiss on the ground that the underlying contracts — both of which contain a forum-selection clause[4] — require litigation of the claims in Italy.

"The overriding framework governing the effect of forum selection clauses in federal courts . . . is drawn from federal law." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). The analysis comprises four steps. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive . . . . Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause. . . . The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

*Id.* at 383–84 (citations omitted) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). The first and fourth steps implicate "questions of enforceability" that "are resolved under federal law." *Martinez*, 740 F.3d at 224. The second and third steps implicate "interpretive questions" that "are resolved under the substantive law designated in an otherwise valid contractual choice-of-law clause." *Id.*; *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

---

[4] The loan agreement provides that "any disputes . . . shall be subject to the sole jurisdiction of [Italy]." (Dkt. No. 17-4 at 21.) And the line-of-credit agreement provides that "[a]ny disputes that might arise shall be subject to the Judicial authority with geographical jurisdiction over the Bank's registered office [*i.e.*, Italy]." (Dkt. No. 17-5 at 2.)

8

Banca di Credito challenges the applicability of the forum-selection clause chiefly on the ground that application would be "unreasonable or unjust" under step four of the analysis.[5] (Dkt. No. 26 at 15–17.) Specifically, Banca di Credito argues that the Italian bankruptcy court — which "has exclusive jurisdiction over [these] claim[s]" — "has already adjudicated the rights and duties of the[] parties with regard to the breach of contract" and that Banca di Credito cannot "bring a claim in any other Italian court . . . while the bankruptcy proceedings are pending." (Dkt. No. 26 at 16.) Thus, Banca di Credito asserts, circumstances in Italy "preclude suit in the contractually chosen forum" (Dkt. No. 26 at 15), which would render application of the forum-selection clause "fundamentally unfair." *Phillips*, 494 F.3d at 392–93 (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993)).

The relevant question, however, is whether Banca di Credito would be "deprived of [its] day in court." *Id.* at 392. It has not. As Small rightly points out, Banca di Credito has already pressed its contract claims — the very ones pressed here — in Italy. (Dkt. No. 28 at 6 ("[Banca di Credito's] claim arising from these contracts has already been allowed by the bankruptcy court."); *see also* Dkt. No. 26 at 16 (asserting that an Italian court "has already adjudicated the rights and duties of these parties with regard to the breach of contract").)

Rather, Banca di Credito's true complaint is that the Italian bankruptcy proceedings are rendered "fundamental[ly] unfair[]" because they exclude Mengoni's U.S. assets. *Roby*, 996 F.2d at 1363. Banca di Credito fears that by the time the bankruptcy proceedings conclude in Italy, "one can plainly foresee that the assets in [Megoni's] New York estate [will have been]

---

[5] Banca di Credito also argues, in passing, that the forum-selection clauses must be invalidated under Italian law, which instead selects New York as the appropriate forum for an action seeking execution of an Italian judgment. (Dkt. No. 26 at 17.) Whether or not this is true (*see* Dkt. No 28 at 8 n.5), it is domestic law, not Italian law, that governs this Court's analysis of the enforceability and effect of a forum-selection clause, *see Phillips*, 494 F.3d at 383–84.

9

distributed and fully exhausted." (Dkt. No. 26 at 17.) This argument has its problems. First of all, Banca di Credito's guesswork about both the pace of the Italian bankruptcy proceeding and the distribution of Mengoni's U.S. estate is "wholly inadequate to meet the heavy burden [Banca di Credito] bear[s] to show unreasonableness." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 566 (S.D.N.Y. 2013) (second alteration in original) (quoting *New Moon Shipping Co. v. MAN B&W Diesel AG*, 121 F.3d 24, 33 (2d Cir. 1997)); *see also id.* ("[T]he *potential* unavailability of certain claims, or even the entire action, in the selected forum is insufficient to make the forum-selection clause unreasonable or unjust." (emphasis added)).

Moreover, Banca di Credito has failed to demonstrate, as it must, that it would be denied *all* recovery if the forum-selection clause were enforced. The bankruptcy estate in Italy itself comprises substantial assets valued at tens of millions of Euros. (Dkt. No. 17-9 at 2.) At most, then, the exclusion of Mengoni's U.S. assets means that Banca di Credito might recover less in Italian bankruptcy court than it could otherwise. But "[i]t is abundantly clear . . . that the prospect of a lesser recovery does not justify refusing to dismiss on the ground of forum non conveniens." *Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir. 1980) (en banc); *cf. Piper Aircraft*, 454 U.S. at 255 ("[A]lthough [plaintiffs'] potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly.").

It follows that this is not one of the "rare circumstances" where the remedy available through litigation abroad is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254 & n.22. The forum-selection clause will be enforced, and the contract-law claim is accordingly dismissed under the doctrine of *forum non conveniens*.

The same fate awaits Banca di Credito's unjust enrichment claim. Under both New York law and Italian law,[6] an unjust enrichment claim lies only in the absence of an enforceable contract. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987) ("The existence of a valid and enforceable written contract . . . ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."); Dkt. No. 27-1 at 6 ("[Under Italian law,] [a]n action for enrichment . . . can only be brought when other actions are not feasible . . . ."). Thus, the claim — like any claim that turns on the existence of an enforceable contract — falls within the scope of the forum-selection clause. *See Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008) ("[A] contractually-based forum selection clause will also encompass tort claims if the tort claims ultimately depend on the existence of a contractual relationship between the parties . . . ." (quoting *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99-CV-10550, 2000 WL 1277597, at *6 (S.D.N.Y. Sept. 7, 2000))). It, too, must be dismissed on the ground of *forum non conveniens*.[7]

---

[6] Because New York law and Italian law are identical on this point, the Court need not engage in a choice-of-law analysis. *See Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

[7] Small neglects to make a *forum non conveniens* argument with respect to the unjust enrichment claim. Instead, Small argues for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 21 at 11–12.) This Court, however, possesses "inherent authority to dismiss an action [*sua sponte*] on grounds of forum non conveniens." *In re Alcon Shareholder Litig.*, 719 F. Supp. 2d 263, 279 (S.D.N.Y. 2010); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

## IV. Conclusion

For the foregoing reasons, Defendant Small's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 20 and to close this case.

SO ORDERED.

Dated: December 19, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge